# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 2:14-cr-69-JDL |
| DIMITRY GORDON, | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER

Defendant Dimitry Gordon has moved for reconsideration of the detention order entered on May 30, 2014 (ECF No. 179), and requests his immediate release. The United States opposes the motion.

The Bail Reform Act of 1984, 18 U.S.C. § 3142(f) (2008), establishes the circumstances in which a detention order may be reconsidered:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Gordon cites four grounds in support of his motion which I will consider in relation to the standard set forth in § 3142(f).

First, Gordon asserts that the detention order placed substantial reliance on a charge of disorderly conduct pending against him in Auburn, Maine, and that, even

prior to the detention hearing, the prosecutor responsible for the case decided not to pursue it. He also asserts that the detention order incorrectly characterized the charge as a "conviction."

Gordon is correct that the detention order mischaracterized the disorderly conduct charge as a "conviction." The significance of the disorderly conduct charge to the court's detention decision, however, was not that it resulted in a conviction, but rather that it involved an incident in which Gordon was non-cooperative at the time of his arrest and had to be subdued by the use of a Taser gun. The facts that the prosecutor decided not to prosecute the disorderly conduct charge and that it will not result in a conviction do not alter the fact that Gordon was non-cooperative and had to be subdued.[1]

Second, Gordon asserts that the detention order "stressed" that "Gordon is facing removal from the United States by ICE." Gordon contends that he has met regularly with ICE and has not faced removal, as evidenced by Exhibit B to his motion which reflects that he met with representatives of the Department of Homeland Security on December 2, 2013; March 31, 2014; and May 5, 2014. This information concerning Gordon's meetings with ICE predates the detention order entered May 30, 2014. It does not call into question my finding that Gordon faces removal from the United States by ICE.

---

[1] I am not persuaded by and do not adopt the testimony of private investigator John Bauer, who testified that a person, known only by the pseudonym or nickname "Kin Kin," told him that Gordon did not resist arrest or fight with the officers, and that Gordon was tasered by the police "for no good reason."

Third, Gordon asserts, based on the process that has occurred since May 30, 2014, that it appears that his pretrial detention will be "prolonged." As of today, Gordon has been detained since May 22, 2014, a period just short of five months. His current detention does not present circumstances giving rise to a possible violation of his Due Process rights. *See United States v. Zannino*, 798 F.2d 544, 548 (1st Cir. 1986) (assuming that "in many, perhaps most, cases, sixteen months would be found to exceed the due process limitations on the duration of pretrial confinement"). Gordon may, of course, seek relief in the future if his pretrial detention becomes so prolonged that, based upon relevant precedent, a credible Due Process violation may be asserted.

Fourth, Gordon asserts that the discovery provided by the government is "even more extensive than the defense anticipated at the time of the hearing on the motion for detention" and it is "not practicable" for his attorney to review discovery with him at the Cumberland County Jail. Other than this blanket assertion, Gordon offers no support for the proposition that any difficulties he and his counsel have experienced at the Cumberland County Jail are sufficiently serious as to substantially interfere with his ability to prepare his defense.

Because I conclude that Gordon's motion does not establish grounds supporting the reopening of the detention hearing previously held in this case, the motion is denied.

**SO ORDERED.**

                                            /s/ Jon D. Levy
                                      **United States District Judge**

**Dated this 17th day of October, 2014.**